## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

**CHRISTOPHER LACCINOLE**
    *Plaintiff*

**Vs.**                          **C.A. No.:**

**Enhanced Recovery Company, LLC**
    *Defendants*


### COMPLAINT

NOW COMES, the Plaintiff, Christopher Laccinole (hereinafter referred to as "Mr. Laccinole" or the "Plaintiff") and hereby complains of the Defendant, Enhanced Recovery Company, LLC ("Enhanced Recovery" or the "Defendant") as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to hear FDCPA claims pursuant to 15 U.S.C. § 1692(k)(d).

2.      This Court has jurisdiction to hear TCPA claims pursuant to *Mims v. Arrow Fin. Servs., L.L.C.*, 565 U.S. 368, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012).

3.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant regularly conducts business in the State of Florida and in this District, and a substantial part of the events giving rise to the claims asserted here occurred in or emanated from this District. Venue is proper because the Defendant's principal place of business is located within this District.

### PARTIES

4.      The Plaintiff is an individual residing in the Town of Narragansett, State of Rhode Island.

5.      The Defendant is a limited liability company organized in the State of Delaware, with a principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256.

## FACTUAL ALLEGATIONS

6.    The Defendant is a debt collector, in the business of regularly collecting debts originally owed to third parties.

7.    Plaintiff does not owe the Defendant any money.

8.    In 2019, the Plaintiff purchased a phone and prepaid phone service plan.

9.    As part of the service plan, the Plaintiff purchased a limited number of minutes. Every time the Defendant calls the Plaintiff, it depletes the minutes on the Plaintiff's service plan.

10.    On or about December 13, 2019, the Plaintiff received a telephone call from the Defendant.

11.    When the Plaintiff answered the call, there was dead air for four seconds before the Plaintiff heard a click and then an operator started talking.

12.    The operator identified herself as "Sarah" from the Defendant debt collection agency.

13.    On December 13, 2019, the Plaintiff mailed a certified letter (return receipt requested) to the Defendant's registered agent.

14.    In Plaintiff's letter, Plaintiff provided his name, his full mailing address, and his telephone number, the same number that the Defendant called and stated, "*All calls are inconvenient. Please don't call me.  You have the wrong number.*" Attached hereto as <u>Exhibit A</u> is the December 13, 2019 letter the Plaintiff mailed to the Defendant.

15.    On or about December 18, 2019, the Defendant received and signed for Plaintiff's December 13, 2019 letter. Attached hereto as <u>Exhibit B</u> is the returned certified green card.

16.    Thereafter receiving the Plaintiff's December 3, 2019 letter, the Defendant continued to call the Plaintiff. The Plaintiff would answer "Hello" repeatedly and no one would respond.

17.    On January 16, 2020, Plaintiff sent a second certified letter (return receipt requested) to the Defendant, including his name, mailing address, telephone number and requested that the

2

Defendant stop contacting him. Attached hereto as <u>Exhibit C</u> is the January 16, 2020, letter sent by the Plaintiff to the Defendant.

18.  On or about January 21, 2020, the Defendant received and signed for Plaintiff's January 16, 2020 letter. Attached hereto as <u>Exhibit D</u> is the returned certified green card.

19.  Despite receiving the Plaintiff's second certified letter, the Defendant continued to call the Plaintiff.

20.  On or about April 22, 2020, the Plaintiff sent a third certified letter (return receipt requested) to the Defendant, including his name, mailing address, telephone number and requested that the Defendant stop contacting him. Attached hereto as <u>Exhibit E</u> is the April 22, 2020 letter sent by the Plaintiff to the Defendant.

21.  On or about April 25, 2020, the Defendant received and signed for the Plaintiff's April 22, 2020 letter. Attached hereto as <u>Exhibit F</u> is the returned certified green card.

22.  Despite receiving Plaintiff's third certified letter, the Defendant continued to call the Plaintiff.

23.  On or about June 24, 2020, the Plaintiff sent a fourth certified letter (return receipt requested) to the Defendant, including his name, mailing address, telephone number and requested that the Defendant stop contacting him. Attached hereto as <u>Exhibit G</u> is the June 24, 2020 letter sent by the Plaintiff to the Defendant.

24.  On or about June 29, 2020, the Defendant received and signed for the Plaintiff's June 24, 2020 letter. Attached hereto as <u>Exhibit H</u> is the returned certified green card.

25.  Despite receiving the Plaintiff's fourth certified letter, the Defendant continued to call the Plaintiff.

26.  The Defendant continued to call the Plaintiff an additional One Hundred Ninety Five

(195) times, for a total of One Hundred Ninety Eight (198) telephone calls.

27. The Defendant repeatedly called the Plaintiff twice per day and at all hours of the day and night.

28. All calls placed to the Plaintiff by the Defendant were inconvenient.

29. Upon information and belief, when the Plaintiff answered the phone, there was not a human on the other end of the call.

30. The Plaintiff answered the telephone calls, repeatedly stating, "Hello, is there anyone there". Despite the Plaintiff's repeated greeting, the Defendant would hang up. No human interaction took place on most, if not all, of the telephone calls.

31. During the calls, the Defendant failed to identify itself as Enhanced Recovery Company, LLC or as a debt collector.

32. During one of the calls, the Defendant placed the Plaintiff on hold for 5 minutes and 20 seconds.

33. Upon information and belief, the Defendant used a predictive dialer system/automatic telephone dialer system to contact the Plaintiff.

34. Upon information and belief, the Defendant has a system/dialer that stores or has the capacity to store telephone numbers and automatically dial stored telephone numbers.

35. Upon information and belief, the Defendant uses a program to determine which phone numbers are called from a list of telephone numbers.

36. The Defendant has applied and obtained a permit for its automated telephone dialing equipment with the State of Texas Public Utilities Commission through the State's Automatic Dial Announcing Device Permit Process.

37. The Defendant contacted the Plaintiff using different phone numbers in order to frustrate

4

the Plaintiff and to conceal the identity of the Defendant.

38.   The Defendant contacted the Plaintiff using the following phone numbers:

   a.   401- 443-8255;

   b.   401-443-8355;

   c.   401-443-8155;

   d.   800-853-9878;

   e.   401-574-2584;

   f.   401-574-2636; and,

   g.   401-574-2686;

39.   The Plaintiff does not have an account with the Defendant.

40.   The Plaintiff has no pre-existing business relationship with the Defendant.

41.   The Plaintiff never agreed or consented to be contacted by the Defendant.

42.   At all times relevant hereto, the Plaintiff's phone number was registered on the national Do Not Call registry.

43.   The Plaintiff repeatedly disputed any debt and asked the Defendant to validate any debt.

44.   The Defendant never validated any debt owed by the Plaintiff.

45.   Upon information and belief, the Defendant obtained Plaintiff's telephone number from a skip tracer search.

46.   As a result of the Defendant's repeated telephone calls, the Plaintiff lost the right to quiet enjoyment and has suffered a significant amount of anxiety, frustration, aggravation and annoyance.

47.   As a result of the Defendant's repeated telephone calls, the Plaintiff's cellular minutes, allocated to the Plaintiff by his telephone service provider, have become depleted and

caused monetary damages to the Plaintiff.

## COUNT I
### Telephone Consumer Protection Act ("TCPA") - 47 U.S.C. § 227(b)(1)(A)(iii)

48.  The Plaintiff hereby incorporates paragraphs 1 – 47 of this Complaint, as if set forth in full at this time, in this Count I.

49.  Since December of 2019, the Defendant called the Plaintiff One Hundred Ninety Eight (198) times.

50.  The Plaintiff never consented to be contacted by the Defendant.

51.  All calls placed to the Plaintiff by the Defendant were inconvenient.

52.  During the telephone calls, when the Plaintiff answered the phone, there was not a human on the other end of the call.

53.  Upon information and belief, the Defendant used a predictive dialer system/automatic telephone dialer system to contact the Plaintiff.

54.  Upon information and belief, the Defendant has a system/dialer that stores or has the capacity to store telephone numbers and automatically dial stored telephone numbers.

55.  Upon information and belief, the Defendant uses a program to determine which phone numbers are called from a list of telephone numbers.

56.  As a result of the Defendant's conduct the Plaintiff has suffered damages.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for actual and/or statutory damages, including all costs, expenses, interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just and appropriate.

## COUNT II
### TCPA – 47 CFR § 64.1200(a)(1)(iii)

57.     The Plaintiff hereby incorporates paragraphs 1 – 56 of this Complaint, as if set forth in full at this time, in this Count II.

58.     The Defendant is a debt collector.

59.     Since December of 2019, the Defendant called the Plaintiff One Hundred Ninety Eight (198) times.

60.     The Plaintiff never consented to be contacted by the Defendant.

61.     All calls placed to the Plaintiff by the Defendant were inconvenient.

62.     During the telephone calls, when the Plaintiff answered the phone, there was not a human on the other end of the call.

63.     Upon information and belief, the Defendant used a predictive dialer system/automatic telephone dialer system to contact the Plaintiff.

64.     Upon information and belief, the Defendant has a system/dialer that stores or has the capacity to store telephone numbers and automatically dial stored telephone numbers.

65.     Upon information and belief, the Defendant uses a program to determine which phone numbers are called from a list of telephone numbers.

66.     As a result of the Defendant's repeated telephone calls, the Plaintiff's cellular minutes, allocated to the Plaintiff by his telephone service provider, have become depleted and caused monetary damages to the Plaintiff.

67.     As a result of the Defendant's conduct the Plaintiff has suffered damages.

        **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for actual and/or statutory damages, including all costs, expenses, interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just

and appropriate.

**COUNT III**
**TCPA– 47 U.S.C. § 227(c)(5)**

68.  The Plaintiff hereby incorporates paragraphs 1 – 67 of this Complaint, as if set forth in full at this time, in this Count III.

69.  The Defendant is a debt collector.

70.  Since December of 2019, the Defendant placed One Hundred Ninety Eight (198) telephone calls to the Plaintiff's telephone, at times twice in the same day, causing his telephone to ring repeatedly.

71.  The Plaintiff never consented to be contacted by the Defendant.

72.  During the telephone calls, when the Plaintiff answered the phone, there was not a human on the other end of the call.

73.  Upon information and belief, the Defendant used a predictive dialer system/automatic telephone dialer system to contact the Plaintiff.

74.  Upon information and belief, the Defendant has a system/dialer that stores or has the capacity to store telephone numbers and automatically dial stored telephone numbers.

75.  Upon information and belief, the Defendant uses a program to determine which phone numbers are called from a list of telephone numbers.

76.  The Defendant contacted the Plaintiff willfully and knowingly violating the TCPA.

77.  As a result of the Defendant's conduct the Plaintiff has suffered damages.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for actual and/or statutory damages, including all costs, expenses, interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just and appropriate.

## COUNT IV
### TCPA – 47 CFR § 64.1200(a)(1)(iii)

78.    The Plaintiff hereby incorporates paragraphs 1 – 77 of this Complaint, as if set forth in full at this time, in this Count IV.

79.    The Defendant is a debt collector.

80.    Since December of 2019, the Defendant made One Hundred Ninety Eight (198) telephone calls to the Plaintiff.

81.    As a result of the Defendant's repeated telephone calls, the Plaintiff's cellular minutes, allocated to the Plaintiff by his telephone service provider, have become depleted and caused monetary damages to the Plaintiff.

82.    As a result of the Defendant's conduct, the Plaintiff has suffered damages.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for actual and/or statutory damages, including all costs, expenses, interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just and appropriate.

## COUNT V
### Fair Debt Collect Practices Act ("FDCPA")
### Abuse and Harassment - 15 U.S.C. § 1692(d).

83.    The Plaintiff hereby incorporates paragraphs 1 – 82 of this Complaint, as if set forth in full at this time, in this Count V.

84.    The Defendant is a debt collector.

85.    On or about December 13, 2019, the Defendant made a telephone call to the Plaintiff's telephone.

86.    The Plaintiff mailed four certified letters to the Defendant, requesting the Defendant stop contacting the Plaintiff.

87.     The Defendant received each of the four certified letters sent by the Plaintiff.

88.     Since December of 2019, the Defendant placed One Hundred Ninety Eight (198) telephone calls to the Plaintiff's telephone, at times twice in the same day, causing his telephone to ring repeatedly and continuously.

89.     All calls made by the Defendant were without the consent of the Plaintiff.

90.     The Defendant harassed and abused the Plaintiff in connection with the collection of a debt.

91.     The Defendant caused the Plaintiff's telephone to ring and engage the Plaintiff in telephone conversation repeatedly with intent to annoy, abuse, and/or harass the Plaintiff.

92.     The Defendant repeatedly placed telephone calls to the Plaintiff without identifying the Defendant as a debt collector.

93.     As a result of the Defendant's conduct, the Plaintiff has suffered damages.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for actual and/or statutory damages, including all costs, expenses, interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just and appropriate.

## COUNT VI
### FDCPA – Communication in Connection With Debt Collection - 15 U.S.C. § 1692(c).

94.     The Plaintiff hereby incorporates paragraphs 1 – 93 of this Complaint, as if set forth in full at this time, in this Count VI.

95.     The Defendant is a debt collector.

96.     On or about December 13, 2019, the Defendant started making telephone calls to the Plaintiff without the Plaintiff's consent.

97.     Since December of 2019, the Defendant made One Hundred Ninety Eight (198) telephone calls to the Plaintiff.

98.     The Plaintiff does not nor ever owed any debt to the Defendant.

99.     The Defendant contacted the Plaintiff at all hours of the day and night.

100.    The Plaintiff mailed four certified letters to the Defendant, requesting the Defendant stop contacting the Plaintiff.

101.    The Defendant received each of the four certified letters sent by the Plaintiff, requesting the Defendant stop contacting the Plaintiff.

102.    All calls made by the Defendant were without the consent of the Plaintiff.

103.    All calls made by the Defendant were inconvenient.

104.    The Defendant knew or should have known that all calls to the Plaintiff were inconvenient.

105.    As a result of the Defendant's conduct, the Plaintiff has suffered damages.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for actual and/or statutory damages, including all costs, expenses, interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just and appropriate.

**COUNT VII**
**FDCPA – False or Misleading Representations -15 U.S.C. § 1692(e)**

106.    The Plaintiff hereby incorporates paragraphs 1 – 105 of this Complaint, as if set forth in full at this time, in this Count VII.

107.    The Defendant is a debt collector.

108.    On or about December 13, 2019, the Defendant started making telephone calls to the Plaintiff without the Plaintiff's consent.

109.    Since December of 2019, the Defendant made One Hundred Ninety Eight (198) telephone calls to the Plaintiff.

110.    The Defendant used false representations and/or deceptive means to collect or attempt to

collect a debt from the Plaintiff.

111.   The Defendant failed to identify itself as a debt collector to the Plaintiff, while attempting to collect a debt.

112.   The Defendant repeatedly used a Rhode Island area code in order to mislead and deceive the Plaintiff.

113.   The Defendant repeatedly used different telephone numbers in order to mislead and deceive the Plaintiff.

114.   The Plaintiff has suffered damages as a result of the Defendant's false or misleading representations.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for actual and/or statutory damages, including all costs, expenses, interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just and appropriate.

## COUNT VIII
### FDCPA - Unfair Practices - 15 U.S.C. § 1692(f).

115.   The Plaintiff hereby incorporates paragraphs 1 – 114 of this Complaint, as if set forth in full at this time, in this Count VIII.

116.   The Defendant is a debt collector.

117.   On or about December 13, 2019, the Defendant started making telephone calls to the Plaintiff without the Plaintiff's consent.

118.   Since December of 2019, the Defendant made One Hundred Ninety Eight (198) telephone calls to the Plaintiff.

119.   The Defendant used unfair debt collection practices in attempting to collect a debt from the Plaintiff.

120.   The Defendant failed to identify itself as a debt collector to the Plaintiff, while attempting to collect a debt.

121.   All calls made by the Defendant were without the consent of the Plaintiff.

122.   All calls made by the Defendant were inconvenient.

123.   The Defendant made repeated and constant attempts to collect a debt without the express authorization of the Plaintiff nor the an agreement creating the alleged debt owed by the Plaintiff or permitted by law.

124.   The Defendant caused charges to be made to the Plaintiff for all calls made to the Plaintiff.

125.   The Plaintiff was unable to determine that the calls made by the Defendant were from the Defendant and were made in an effort to collect upon a debt.

126.   As a result of the Defendant's conduct, the Plaintiff has suffered damages.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for actual and/or statutory damages, including all costs, expenses, interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just and appropriate.

## COUNT IX
## FDCPA – Validation of Debts - 15 U.S.C. § 1692(g).

127.   The Plaintiff hereby incorporates paragraphs 1 – 126 of this Complaint, as if set forth in full at this time, in this Count IX.

128.   The Defendant is a debt collector.

129.   On or about December 13, 2019, the Defendant started making telephone calls to the Plaintiff without the Plaintiff's consent.

130.   Since December of 2019, the Defendant made One Hundred Ninety Eight (198) telephone calls to the Plaintiff.

131.   The Plaintiff sent four certified letters requesting the Defendant stop contacting the Plaintiff and disputed any debt allegedly owed by the Plaintiff, identifying his name, address, and phone number.

132.   The Defendant failed to send the Plaintiff a written notice containing the account number of the alleged outstanding debt, amount of the debt, and the name of the creditor to whom the alleged debt it owed.

133.   The Defendant failed to validate the debt allegedly owed by the Plaintiff.

134.   Defendants failed to send Plaintiff a statement that if the consumer notifies the debt collector in writing within the thirty-day (30) period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

135.   As a result of the Defendant's conduct the Plaintiff has suffered damages.

   **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for actual and/or statutory damages, including all costs, expenses, interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just and appropriate.

### COUNT X
### Florida Consumer Collection Practices Act ("FCCPA")–Fla. Stat. §§ 559.72(7).

136.   The Plaintiff hereby incorporates paragraphs 1 – 135 of this Complaint, as if set forth in full at this time, in this Count X.

137.   The Defendant is a debt collector.

138.   On or about December 13, 2019, the Defendant made a telephone call to the Plaintiff's telephone in an effort to collect a debt.

14

139.   The Plaintiff mailed four certified letters to the Defendant, requesting the Defendant stop contacting the Plaintiff.

140.   The Defendant received each of the four certified letters sent by the Plaintiff.

141.   Since December of 2019, the Defendant placed One Hundred Ninety Eight (198) telephone calls to the Plaintiff's telephone, at times twice in the same day, causing his telephone to ring repeatedly and continuously.

142.   All calls made by the Defendant were without the consent of the Plaintiff.

143.   The Defendant harassed and abused the Plaintiff in connection with the collection of a debt.

144.   The Defendant caused the Plaintiff's telephone to ring and engage the Plaintiff in telephone conversation repeatedly with intent to annoy, abuse, and/or harass the Plaintiff.

145.   The Defendant repeatedly placed telephone calls to the Plaintiff without identifying the itself as a debt collector.

146.   The Defendant contacted the Plaintiff with such frequency that it amounted to abusive conduct and harassment.

147.   As a result of the Defendant's conduct, the Plaintiff has suffered damage.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for actual and/or statutory damages, including all costs, expenses, interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just and appropriate.

**COUNT XI**
**FCCPA –Fla. Stat. §§ 559.72(9).**

148.   The Plaintiff hereby incorporates paragraphs 1 – 148 of this Complaint, as if set forth in full at this time, in this Count XI.

149.   The Defendant is a debt collector.

150.   On or about December 13, 2019, the Defendant made a telephone call to the Plaintiff's telephone in an effort to collect a debt.

151.   The Plaintiff mailed four certified letters to the Defendant, requesting the Defendant stop contacting the Plaintiff.

152.   The Defendant received each of the four certified letters sent by the Plaintiff.

153.   Since December of 2019, the Defendant placed One Hundred Ninety Eight (198) telephone calls to the Plaintiff's telephone, at times twice in the same day, causing his telephone to ring repeatedly and continuously.

154.   All calls made by the Defendant were without the consent of the Plaintiff.

155.   The Defendant repeatedly and continuously, despite multiple requests from the Plaintiff, contacted the Plaintiff, in an attempt to collect a debt.

156.   The Defendant did not validate the alleged debt owed by the Plaintiff.

157.   The Defendant knew or reasonably should have known that the Plaintiff did not owe a debt and that the debt was not legitimate.

158.   As a result of the Defendant's conduct the Plaintiff has suffered damages.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for punitive damages and actual and statutory damages, including all costs, expenses, interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just and appropriate.

## COUNT XII
### FCCPA - Fla. Stat. §§ 559.72(15)

159.   The Plaintiff hereby incorporates paragraphs 1 – 158 of this Complaint, as if set forth in full at this time, in this Count XII.

160.    The Defendant is a debt collector.

161.    Since December of 2019, the Defendant placed One Hundred Ninety Eight (198) telephone calls to the Plaintiff's telephone, at times twice in the same day, causing his telephone to ring repeatedly.

162.    During the telephone calls, the Defendant failed to identify itself and/or failed to disclose that they were attempting to collect a debt.

163.    As a result of the Defendant's conduct the Plaintiff has suffered damages.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for punitive damages and actual and statutory damages, including all costs, expenses, interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just and appropriate.

### COUNT XIII
**FCCPA – Communication without consent** Fla. Stat. §§ 559.72(17).

164.    The Plaintiff hereby incorporates paragraphs 1 – 163 of this Complaint, as if set forth in full at this time, in this Count XIII.

165.    The Defendant is a debt collector.

166.    Since December of 2019, the Defendant placed One Hundred Ninety Eight (198) telephone calls to the Plaintiff's telephone, at times twice in the same day, causing his telephone to ring repeatedly.

167.    During the calls, the Defendant contacted the Plaintiff at all hours of the day and night, between the hours of 9:00 PM and 8:00 AM, within the Plaintiff's time zone, without the consent of the Plaintiff.

168.    As a result of the Defendant's conduct, the Plaintiff has suffered damages.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor

17

and against the Defendant for punitive damages and actual and statutory damages, including all costs, expenses, interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just and appropriate.

**COUNT XIV**
**Invasion of privacy/ Intrusion Upon Seclusion**

169.   The Plaintiff hereby incorporates paragraphs 1 – 168 of this Complaint, as if set forth in full at this time, in this Count XIV.

170.   The Defendant is a debt collector.

171.   Since December of 2019, the Defendant placed One Hundred Ninety Eight (198) telephone calls to the Plaintiff's telephone, at times twice in the same day, causing his telephone to ring repeatedly.

172.   The Plaintiff mailed four certified letters to the Defendant, requesting the Defendant stop contacting the Plaintiff.

173.   The Defendant received each of the four certified letters sent by the Plaintiff.

174.   The Plaintiff never consented to being contacted by the Defendant.

175.   The Defendant's repeated telephone calls amounts to an intrusion into the privacy of the Plaintiff.

176.   The Defendant intended to repeatedly contact the Plaintiff over One Hundred Ninety Eight (198) times in an effort to intrude upon the Plaintiff's privacy.

177.   Making One Hundred Ninety Eight (198) telephone calls to a person within a year, after multiple requests to stop, is highly offensive to a reasonable person.

178.   As a result of the Defendant's conduct, the Plaintiff has suffered damages.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for punitive damages and actual damages, including all costs, expenses,

interest, and attorney fees incurred by the Plaintiff, as well any other relief as this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff requests a trial by jury on all Counts.

Plaintiff,
Christopher Laccinole
By and through his Attorney,

*/s/ Vincent A. Indeglia*
Vincent A. Indeglia, Esq. (#1008515)
**INDEGLIA LUTRARIO**
***Attorneys at Law***
300 Centerville Road
The Summit East, Suite 320
Warwick, RI  02886
(401) 886-9240
Fax: (401) 886-9240
vincent@indeglialaw.com